MaNly, J.
 

 Any doubt as to the merits of this case, as it was presented by the bill and answer alone, has been entirely dissipated by the proofs subsequently taken. The case is a strong one, for the interposition of a court of equity to protect the minor, who is entitled in remainder.
 

 It seems that complainant is a son by a former husband of Mary Bradley, wife of the defendant; that defendant has separated himself from his wife, and has another woman living with him ; that he has sold all the property, acquired by his marriage, except the slaves in question, and has no property besides ; that he consulted with H. H. Robinson sometime before the suit, whether he (defendant) would incur any
 
 crim/mal
 
 responsibility, if he sold them, and that he has intimated since the suit was instituted against him, in indirect, but intelligible terms, that if he could again get possession of
 
 *42
 
 them, he would put them beyond the reach of the claimant.
 

 These leading facts, now developed in the case, convince us, that,the danger to the property, in the hands of the defendant, would be imminent, and that it is highly expedient and necessary, the person in remainder should be protected by the writs heretofore gi’anted in the cause.
 

 The testimony from one witness (Bobinson) is, alone, conclusive of the case. Erom his testimony, it appears the defendant deliberately meditated a conversion of the slaves out and out, to his own use, and was making the plan turn in his mind, upon the point, whether it involved any
 
 criminal
 
 responsibility. A person who could entertain such thoughts, requires, in the opinion of this Court, other restraints than those of a moral nature. u
 

 This is especially so, when such person is found under demoralizing and necessitous circumstances.
 

 Therefore, the decree of the Court below, dissolving the sequestration in the cause, should be reversed, and a decree, in conformity with this opinion, to continue the sequestration.
 

 Pee CueiaM, Decree accordingly.